**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 13, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ENRIQUE GUTIERREZ,

Defendant-Appellant.

No. 05-2229

(D. of N.M.)

(D.C. No. CR 04-1381-JEC)

**ORDER AND JUDGMENT***

Before **TACHA**, Chief Judge, **HARTZ**, and **TYMKOVICH**, Circuit Judges.**

Enrique Gutierrez, appearing pro se, appeals his sentence for violation of supervised release, which was set to run consecutively to his sentence for possession with intent to distribute marijuana. He contends the district court should have set these sentences to run concurrently. Taking jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, we AFFIRM.

---

* This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders; nevertheless, an order may be cited under the terms and conditions of 10th Cir. R. 36.3.

** After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

## I. Background

Gutierrez was convicted for drug conspiracy in federal court in 1999. He was sentenced to 295 days imprisonment with five years of supervised release to follow. His term of supervised release began on October 20, 2000.

On March 27, 2004, while Gutierrez was still on supervised release, he was again arrested and charged with various federal crimes, including possession with intent to distribute 100 kilograms or more of marijuana. Because possession of a controlled substance also constituted a violation of a mandatory condition of his release, the probation officer filed a petition to revoke his term of supervision. Gutierrez pleaded guilty to one count of possession with intent to distribute and separately admitted the supervised release violation.

On July 11, 2005, the district court conducted a sentencing hearing on both matters. For the 2004 drug offense, the court sentenced him to 80 months imprisonment and a supervised release term of four years. For the supervised release violation, the court revoked Gutierrez's term of supervision and resentenced him. Before the court issued this second sentence, however, defense counsel asked the court to exercise its discretion and run Gutierrez's two sentences concurrently, or at least partially concurrently, instead of consecutively. Specifically, counsel stated,

> Of course, the [G]uidelines are now advisory, but even prior to that, the recommendations as to supervised release sentences were considered advisory, so the Court has broad discretion. The

Court obviously can run all of the supervised release term concurrent with the other sentence. . . . If the Court would not be inclined to run the whole term of supervised release concurrent, of course the Court has many options, including the possibility of running half of it concurrent. And I've seen that done before, as well, Your Honor. But of course the Court has discretion.

Sent. Tr. at 7–8.

The court declined the defendant's request and sentenced him to 18 months imprisonment, to run consecutively with the sentence for his new drug crime.

Gutierrez's trial counsel filed a notice of appeal at the request of his client but subsequently moved to withdraw, filing a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), attesting to his belief that the record contained no error on which to base an appeal. Accordingly, Gutierrez filed a pro se brief arguing the district court erred by imposing a consecutive, rather than concurrent, sentence.

## II. Discussion

In *Anders*, the Supreme Court set forth the procedure that an appointed attorney must follow if he seeks to withdraw from an appeal based on his conclusion that the appeal has no merit:

> [I]f counsel finds his [client's] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be

furnished the indigent and time allowed him to raise any points that he chooses.

*Id.* at 744. Ultimately, however, we—not counsel—"decide whether the case is wholly frivolous" after our own "full examination of all the proceedings." *Id.*

In this case, Gutierrez has filed a pro se brief, arguing that the district court should have run his sentences concurrently pursuant to a pre-2003 version of the Guidelines. Although we recognize there may be some merit to this question as a legal matter, *see* USSG § 1B1.11, the argument is ultimately unpersuasive because, even if we found error below, we would also have to conclude it was invited by the defense.

"It is fundamental that 'a defendant cannot complain of error which he invited upon himself.'" *See United States v. Cutler*, 948 F.2d 691, 697 (10th Cir. 1991). Gutierrez, through counsel, informed the court that it had broad discretion to impose a concurrent, partially concurrent, or consecutive sentence. Gutierrez emphasized that, even before *Booker* rendered the Guidelines advisory, this matter was entirely within the purview of the court. However, after the court exercised its discretion to impose consecutive sentences, Gutierrez argued on appeal that the court erred by not following a provision in an older version of the Guidelines, which, prior to *Booker*, would have mandated concurrent sentences. Putting aside the obvious point that all Guidelines provisions are now advisory in

light of *Booker*, Gutierrez cannot challenge the court's decision to exercise broad discretion when that is exactly what he asked the court to do.

## III. Conclusion

For the foregoing reasons, we GRANT counsel's motion to withdraw and DISMISS the appeal.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge